ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 14 2006
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | No. 3:05-CR-240-P |
| | § | |
| RAKESH JYOTI SARAN (1) | § | |

## PLEA AGREEMENT

Defendant Rakesh Jyoti Saran, Jeff A. Kearney and Benson B. Weintraub the defendant's attorneys, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Saran understands that he has the rights

    a.   to plead not guilty;

    b.   to have a trial by jury;

    c.   to have his guilt proven beyond a reasonable doubt;

    d.   to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.   against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Saran waives these rights and pleads guilty to the offense alleged in Count 1 of the indictment, charging a violation of 18 U.S.C. § 371, that is, Conspiracy to Commit Health Care, Mail and Wire Fraud, Money Laundering and Illegal Monetary Transaction, Count 12 of the indictment, charging a

violation of 18 §§ 1341 and 2 that is mail fraud, Count 13 of the indictment, charging a violation of 18 §§ 1341 and 2 that is mail fraud, and Count 92 of the indictment, charging a violation of 21 U.S.C. §§ 846, 841 (a)(1) and 841 (b)(1)(D) that is, conspiracy to distribute controlled substances. In addition to his individual plea of guilty, Saran agrees to enter a plea of guilty to Count 1 of the indictment, charging a violation of 18 U.S.C. § 371, that is, Conspiracy to Commit Health Care, Mail and Wire Fraud, Money Laundering and Illegal Monetary Transaction, as agent, officer, owner, director, alter ego for the corporations Saran incorporated, and caused to be incorporated, as an instrumentality of the scheme to defraud, namely defendants: Alliance Pharmacy Services, Inc. (20), AMS Pharmaceuticals Group, Inc. (21), Carrington Health Care System, Inc. (22), Dalamar Services, Inc. (23), East Pointe Pharmacy Services, Inc. (24), Everest Services, Inc. (25), Infiniti Services Group, Inc. (26), Med-Care Infusion Services, Inc. (27), National Executive Management, Inc. (28), Orion Pharmacy Services, Inc. (39), Precision Pharmacy Services, Inc. (30), Premium Pharmacy Services, Inc. (31), Quantum Infusion, Inc. (32), Reliance Pharmaceutical, Inc. (33), Southwest Infusion, Inc. (34), SWS Pharmacy Services, Inc. (35), Texas Home Infusion, L.L.C. (36), Tri-Phasic Pharmacy, Inc. (37), Trinity Infusion Services, Inc. (38), and Trinity Pharmacy Services, Inc. (39).

Saran understands the nature and elements of the crimes to which he is pleading guilty, and pleading the corporations guilty and agrees that the factual resume he has signed is true and will be submitted as evidence of his guilt and the corporation guilt.

3. **Sentence**: The maximum penalties the Court can impose for Count 1 charging 18 U.S.C. § 371 include:

   a. imprisonment for a period not to exceed 5 years;

   b. a fine not to exceed $250,000.00 or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not more than 3 years, which may be mandatory under the law and will follow any term of imprisonment. If Saran violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100.00;

   e. restitution to victims or to the community, which may be mandatory under the law, and which Saran agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f. costs of incarceration and supervision; and

   g. forfeiture of property.

4. **Sentence**: The maximum penalties the Court can impose for Counts 12 and 13 charging 18 U.S.C. § 1341 and 2 include:

   a. imprisonment for a period not to exceed 5 years;

   b. a fine not to exceed $250,000.00 or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not more than 3 years, which may be mandatory under the law and will follow any term of imprisonment. If Saran violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100.00;

    e.    restitution to victims or to the community, which may be mandatory under the law, and which Saran agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.    costs of incarceration and supervision.

5. **Sentence**: The maximum penalties the Court can impose for Count 92 of the indictment charging 21 U.S.C. § 846 include:

    a.    imprisonment for a period not to exceed 5 years;

    b.    a fine not to exceed $250,000.00 or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of at least 2 years, shall be mandatory under the law and will follow any term of imprisonment. If Saran violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100.00;

    e.    restitution to victims or to the community, which may be mandatory under the law, and which Saran agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.    costs of incarceration and supervision; and

    g.    forfeiture of property.

4. **Court's sentencing discretion and role of the Guidelines**: Saran understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Saran has reviewed the guidelines with his attorneys, but understands no one can predict with certainty the outcome of the Court's consideration of

Plea Agreement - Page 4

the guidelines in this case. Saran will not be allowed to withdraw his plea if his sentence is higher than expected. Saran fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.   **Mandatory special assessment**:   Prior to sentencing, Saran agrees to pay to the U.S. District Clerk the amount of $400.00, in satisfaction of the mandatory special assessments in this case.

6.   **Defendant's cooperation**:   Saran shall cooperate with the government by giving truthful and complete information and/or testimony concerning his participation in the offense of conviction and any knowledge of criminal activities committed by Saran and/or others. Upon demand, Saran shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Saran agrees to enter a plea of guilty for the indicted corporations named in this indictment to include defendants 20 through 39. Upon request, Saran agrees to provide to the Government and the Court with documentation authorizing him to enter the pleas of guilty on behalf of the defendant corporations. Saran agrees to file with Texas Secretary of State's Office the required documentation for dissolution of the incorporated entities. Saran agrees to waive the preparation of the Pre-sentence Investigation Report as to the corporate defendants only. Saran agrees to apply his $250,000 cash bond to any restitution ordered against him in this case.

7. **Defendant's agreement concerning forfeiture**:

The defendant pleads true to Counts 196 and 200 and agrees to forfeit all right, title, and interest in the following property to the government:

a. One 2005 Honda Odyssey, VIN 5FNRL38815B059805.
b. Assorted jewelry contained in Bank of America safe deposit box #910 seized on or about September 21, 2005, specifically two gold pearl-and-diamond earrings; two pearl necklaces; one platinum choker necklace; and two platinum earrings.
c. Assorted jewelry at 5918 Gary Lane, Arlington, Texas seized on or about September 21, 2005.
d. The real property and all buildings, appurtenances, and improvements located at 2320 Panorama, Arlington, Texas, more particularly described as Lot 6 and 7, Block 2, of Phase I And Phase II, The Estates On Rush Creek, An Addition To The City Of Arlington, Tarrant County, Texas, According To The Plat Thereof Recorded In Volume A, Page 2168, of The Plat Records Of Tarrant County, Texas. Now Known As Lot 6R, Block 2, The Estates On Rush Creek, An Addition To The City Of Arlington, Tarrant County, Texas, According To The Plat Thereof Recorded In Volume A, Page 6877, Of The Plat Records Of Tarrant County, Texas.
e. $29,238.40 in funds from Account # XXX-XXX1445 in the name of Carrington Healthcare at Wells Fargo Bank, N.A. seized on or about September 21, 2005.
f. $1,790.00 in U.S. Currency seized on or about September 21, 2005.
g. $1,506.47 in funds from Account # XXX-XXX1460 in the name of East Pointe Pharmacy Services, Inc. at Wells Fargo Bank, N.A. seized on or about September 21, 2005.
h. $349,516.94 in funds from Account # XXX-XXX1486 in the name of Infinity Services Group, Inc. at Wells Fargo Bank, N.A. seized on or about September 21, 2005.
i. $1,027,706.00 in U.S. Currency at 5918 Gary Lane, Arlington, Texas seized on or about September 21, 2005.
j. $10,109.73 in funds from Account #XXXXX-XXX-5295 in the name of Johar and Reshma Saran at Bank of America, N.A. seized on or about December 12, 2005.
k. Miscellaneous money orders totaling $3,342.00 at 1126 S. Cedar Ridge, Duncanville, Texas seized on or about September 20, 2005.

l. Eleven Kirby Lester Tablet Hoppers (model KL502), serial numbers V03210; V03213; V03212; V03214; V03208; V03211; V03194; V03203; V03193; V03207; and V03206.
m. Eleven Kirby Lester Tablet Counters (model KL200), serial numbers K21085A; K21099A; K21104A; K21100A; K21095A; KL21085A; K21103A; K21098A; K20196A; K21093A; and KL21084A.
n. Three MTS Package Sealers (Masterpiece 110S - model LR5921), including serial numbers MZ00311 and S00535.
o. One Kirby Lester Tablet Counter, model KL15df, serial number SDF1573.
p. One 2005 Honda Accord, VIN 1HGCM55165A010938.
q. One 2002 Honda Odyssey, VIN 2HKRL18782H552616.
r. One 2003 BMW 760Li, VIN WBAGN83413DK10193.
s. One 2003 Lexus LX7, VIN JTJHT00W933533396.

He agrees the above-described property constitutes or was derived from proceeds both obtained by him as a result of and traceable to the commission of the offenses alleged in Counts 1 and 92 of the Indictment and therefore shall be forfeited to the government as a result of his conviction of the offenses alleged in Counts 1 and 92 of the Indictment pursuant to 18 U.S.C. § 982(a)(7) and 21 U.S.C. § 853(a). He waives all right, title, and interest in the above-described property in any federal judicial forfeiture proceeding, whether criminal or civil. He agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the above-described property. He agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-described property. He consents to the entry of orders of forfeiture for the above-described property and waives any requirements of Rules 7, 32.2, and 43(a) of the Federal Rules of Criminal Procedure regarding the forfeiture proceedings. He acknowledges and understands that the forfeiture of the above-described property is part of the sentence which may be

imposed in his case and waives any requirement of the Court to advise him of the same pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure. He makes all the above acknowledgments, agreements, waivers, withdrawals, consents, and representations in his individual capacity and as the authorized representative for and on behalf of Alliance Pharmacy Services, Inc.; AMS Pharmaceuticals Group, Inc.; Carrington Health Care System, Inc.; Dalamar Services, Inc.; East Pointe Pharmacy Services, Inc.; Everest Services, Inc.; Infiniti Services Group, Inc.; Med-Care Infusion Services, Inc.; National Executive Management, Inc.; Orion Pharmacy Services, Inc.; Precision Pharmacy Services, Inc.; Premium Pharmacy Services, Inc.; Quantum Infusion, Inc.; Reliance Pharmaceutical, Inc.; Southwest Infusion, Inc.; SWS Pharmacy Services, Inc.; Texas Home Infusion, L.L.C.; Tri-Phasic Pharmacy, Inc.; Trinity Infusion Services, Inc.; and Trinity Pharmacy Services, Inc.

Further, he agrees and consents to the administrative forfeiture of the following property to the government:

  a. Miscellaneous money orders totaling $35,223.00 in FedEx custody seized on or about September 20, 2005.
  b. Miscellaneous checks totaling $1,194.00 in FedEx custody seized on September 20, 2005.
  c. Miscellaneous money orders totaling $268,846.11 at 1126 S. Cedar Ridge, Duncanville, Texas seized on or about September 21, 2005.
  d. Miscellaneous checks totaling $9,534.00 at 1126 S. Cedar Ridge, Duncanville, Texas seized on or about September 21, 2005.
  e. Miscellaneous money orders totaling $36,296.95 in FedEx custody seized on or about September 30, 2005.
  f. Miscellaneous cashiers' checks totaling $1,538.95 in FedEx custody seized on or about September 30, 2005.

g. Miscellaneous money orders totaling $19,491.59 at 2435 Gravel Drive, Fort Worth, Texas seized on or about September 21, 2005.
h. Miscellaneous checks totaling $457.45 at 2435 Gravel Drive, Fort Worth, Texas seized on or about September 21, 2005.
i. Miscellaneous money orders totaling $16,083.49 at 1700 Tech Centre, Arlington, Texas seized on or about September 21, 2005.
j.. Miscellaneous checks totaling $1,785.31 at 1700 Tech Centre, Arlington, Texas seized on or about September 21, 2005.
k. $200.00 in United States currency at 1700 Tech Centre, Arlington, Texas seized on or about September 21, 2005.
l. Miscellaneous money orders totaling $1,276.00 in FedEx custody seized on or about December 6, 2005.

He agrees the above-described property is subject to forfeiture pursuant to 21 U.S.C. § 881(a) and/or 18 U.S.C. § 981(a) and agrees to the forfeiture of the above-described property in an administrative forfeiture proceeding, pursuant to 18 U.S.C. §§ 981 and 983, the Code of Federal Regulations, and/or 19 U.S.C. §§ 1607-1609. If he previously filed claims to the above-described property in such a proceeding, he now withdraws those claims and will execute the necessary documents to withdraw said claims and any other documents as requested by the government to effect the forfeiture of the above-described property and the transfer of his interest in it to the government. He waives any time limits regarding the filing of an administrative forfeiture proceeding as provided in 18 U.S.C. § 983 or any other applicable statute of limitations. He agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the above-described property. He agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the above-described property. He makes all the above

acknowledgments, agreements, waivers, withdrawals, consents, and representations in his individual capacity and as authorized representative for and on behalf of Alliance Pharmacy Services, Inc.; AMS Pharmaceuticals Group, Inc.; Carrington Health Care System, Inc.; Dalamar Services, Inc.; East Pointe Pharmacy Services, Inc.; Everest Services, Inc.; Infiniti Services Group, Inc.; Med-Care Infusion Services, Inc.; National Executive Management, Inc.; Orion Pharmacy Services, Inc.; Precision Pharmacy Services, Inc.; Premium Pharmacy Services, Inc.; Quantum Infusion, Inc.; Reliance Pharmaceutical, Inc.; Southwest Infusion, Inc.; SWS Pharmacy Services, Inc.; Texas Home Infusion, L.L.C.; Tri-Phasic Pharmacy, Inc.; Trinity Infusion Services, Inc.; and Trinity Pharmacy Services, Inc.

Further, he agrees not to make a claim or assert any interest in, contest, challenge, or appeal in any way the administrative or criminal forfeiture of the following property to the government:

   a.   Any property, real or personal, alleged subject to forfeiture in the Indictment or any of the four Bills of Particulars filed in this criminal case.

He agrees this property is subject to forfeiture pursuant to 21 U.S.C. § 881(a) and 21 U.S.C. 853(a) as proceeds from violations of 21 U.S.C. § 846 and pursuant to 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 982(a)(7) as proceeds from health care fraud violations. He makes all the above acknowledgments, agreements, waivers, withdrawals, consents, and representations in his individual capacity and as the authorized representative for and on behalf of Alliance Pharmacy Services, Inc.; AMS Pharmaceuticals Group, Inc.;

Carrington Health Care System, Inc.; Dalamar Services, Inc.; East Pointe Pharmacy Services, Inc.; Everest Services, Inc.; Infiniti Services Group, Inc.; Med-Care Infusion Services, Inc.; National Executive Management, Inc.; Orion Pharmacy Services, Inc.; Precision Pharmacy Services, Inc.; Premium Pharmacy Services, Inc.; Quantum Infusion, Inc.; Reliance Pharmaceutical, Inc.; Southwest Infusion, Inc.; SWS Pharmacy Services, Inc.; Texas Home Infusion, L.L.C.; Tri-Phasic Pharmacy, Inc.; Trinity Infusion Services, Inc.; and Trinity Pharmacy Services, Inc.

8. **Government's agreement**: The government will not bring any additional charges against Saran based upon the conduct charged in the indictment. In addition, the Government agrees to move to dismiss any remaining counts of this indictment, at the time of sentencing, as to this defendant only. If, in its sole discretion, the government determines that Saran has provided substantial assistance in the investigation or prosecution of others, it will file a motion urging sentencing consideration for that assistance. Whether and to what extent to grant the motion are matters solely within the Court's discretion. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Saran or any property.

9. **Violation of agreement**: Saran understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government

will be free from any obligations of the agreement. In such event, Saran waives any objections based upon delay in prosecution.

10.  **Voluntary plea:**  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.  **Waiver of right to appeal or otherwise challenge sentence**: Saran waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Saran, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12.  **Representation of counsel:** Saran has thoroughly reviewed all legal and factual aspects of this case with his lawyers and is fully satisfied with his lawyers' legal representation. Saran has received from his lawyers, explanations satisfactory to his concerns of each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyers, Saran has

concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 4 day of November, 2006.

_____
RAKESH JYOTI SARAN
Defendant

_____
JEFF A. KEARNEY
Attorney for Defendant
Texas State Bar No. 1113950

_____
BENSON B. WEINTRAUB
Attorney for Defendant
Florida State Bar No. 486418

RICHARD B. ROPER
UNITED STATES ATTORNEY

_____
WILLIAM MCMURREY
Assistant United States Attorney
Texas State Bar No. 13811100
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214.659.8649
Facsimile:   214.767.2846
william.mcmurrey@usdoj.gov

_____
ROBERT L. WEBSTER
Criminal Chief
Texas State Bar No. 21053375

[I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____          11-14-2006
RAKESH JYOTI SARAN                                 Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____      11-14-06
JEFF A. KEARNEY                                        Date
Attorney for Defendant

_____      11·14·06
BENSON B. WIENTRAUB                   Date
Attorney for Defendant