%AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 1   TXND Mod - 09/28/04

# UNITED STATES DISTRICT COURT

__Northern__ District of __Texas - Dallas Division__

UNITED STATES OF AMERICA  
V.  
**RAKESH JYOTI SARAN**

a/k/a *

JUDGMENT IN A CRIMINAL CASE

Case Number: **3:05-CR-240-P(01)**

USM Number: **33701-177**

**Benson Weintraub, Esq.**
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1, 12, 13 and 92 of the Indictment filed September 20, 2005

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 371 | Conspiracy to Commit Health Care, Mail and Wire Fraud, Money Laundering, and Illegal Monetary Transaction | September 20, 2005 | 1 |
| 18 USC §§ 1341 & 2 | Mail Fraud and Aiding and Abetting | November 7, 2001 | 12 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ **Count(s) remaining** _____   ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 10, 2009
Date of Imposition of Judgment

*[signature]*
Signature of Judge

**JORGE A. SOLIS**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

December 11, 2009
Date

* "Johar Rakesh Saran," a/k/a "Johar Saran," a/k/a "Joe Saran," a/k/a "John Saran," a/k/a "Imraan Siddiqu"

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 1A

Judgment—Page 2 of 8

DEFENDANT: **RAKESH JYOTI SARAN**
CASE NUMBER: **3:05-CR-240-P(01)**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC §§ 1341 & 2 | Mail Fraud and Aiding and Abetting | November 13, 2001 | 13 |
| 21 USC § 846 | Conspiracy to Distribute Controlled Substances | September 20, 2005 | 92 |

AO 245B    (Rev. 12/03) Judgment in Criminal Case
           Sheet 2 — Imprisonment   TXND Mod - 9/28/04

Judgment — Page __3__ of __8__

**DEFENDANT: RAKESH JYOTI SARAN**
**CASE NUMBER: 3:05-CR-240-P(01)**

## IMPRISONMENT

Pursuant to the Sentencing Reform Act of 1984, but taking the Guidelines as advisory pursuant to United States v. Booker, and considering the factors set forth in 18 U.S.C. Section 3553(a), the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **Three( 3) years on each count to run consecutive with each other for a TOTAL TERM OF TWELVE (12) YEARS.**

[✓] The court makes the following recommendations to the Bureau of Prisons:
    **Comprehensive Drug Treatment Program, if eligible.**

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
    [ ] at _____ [ ] a.m. [ ] p.m. on _____.
    [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before _____ on _____.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
         Sheet 3 — Supervised Release

Judgment—Page 4 of 8

DEFENDANT: **RAKESH JYOTI SARAN**
CASE NUMBER: **3:05-CR-240-P(01)**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **Three (3) years on each count to run concurrently with each other for a TOTAL TERM OF THREE (3) YEARS.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

Judgment—Page 5 of 8

DEFENDANT: **RAKESH JYOTI SARAN**
CASE NUMBER: **3:05-CR-240-P(01)**

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not incur new credit charges or open additional lines of credit without approval of the U.S. Probation Officer unless the probation officer makes a determination that the defendant has fully satisfied the financial obligation.

The defendant shall provide to the probation officer complete access to all business and personal financial information.

The defendant shall not enter into any self-employment while under supervision without prior approval of the probation officer.

The defendant shall not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of pharmaceutical acquisition or sales without the probation officer's approval.

The defendant shall cooperate with the IRS, file all outstanding tax returns, and comply with any IRS requirements to pay delinquent taxes, penalties, and interest according to the schedule of payments that the IRS imposes.

The defendant shall maintain not more than one business and/or one personal checking account, and shall not open, maintain, be a signatory on, or otherwise use any other financial institution account without the prior approval of the probation officer.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a value of $500 or more without the approval of the probation officer.

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties TXND Mod 2 - 09/28/04

Judgment — Page 6 of 8

DEFENDANT: **RAKESH JYOTI SARAN**
CASE NUMBER: **3:05-CR-240-P(01)**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 400.00 | $ -0- | $ 68 Million |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution), payable to the U.S. District Clerk to be disbursed to the following payee(s) in the amount(s) listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Restitution Ordered | Priority or Percentage |
|---|---|---|
| 1. Morris & Dickson Co., L.L.L., D. Mark Elliston<br>Account Name: Carrington Healthcare/Infiniti, Inc. | $ 14 M | |
| 2. Cardinal Health, Inc., Robert T. Smith, Jr.<br>Account Name: Carrington Healthcare/Infiniti, Inc. | $ 12 M | |
| 3. AmerisourceBergen, Inc.<br>Assistant General Counsel, Debra Schwartz<br>Account Name: Carrington Healthcare/Infiniti, Inc. | $ 11 M | |
| 4. GlaxoSmithKline, Inc., Barry E. Echols, Director of GSK<br>Corporate Ethics & Compliance<br>Account Name: SmithKline Beecham Corporation | $ 4 M | |
| 5. McKesson Corporation, Kimbir Tate, Litigation Manager<br>Account Name: Carrington Healthcare/Infiniti, Inc. | $ 26 M | |
| 6. Novartis, Corporate Security Carol O. Harrison, Director<br>Corporate Security<br>Account Name: Carrington Healthcare/Infiniti, Inc. | $ 1 M | |

TOTALS   $ **68 Million**

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
         Sheet 6 — Schedule of Payments   TXND Mod 1 - 09/28/04

Judgment — Page 7 of 8

DEFENDANT: **RAKESH JYOTI SARAN**
CASE NUMBER: **3:05-CR-240-P(01)**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due
       ☐ not later than _____, or
       ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☑  Payment in equal **MONTHLY** (e.g., weekly, monthly, quarterly) installments of $ **200.00** over a period of **XXXXXXX** (e.g., months or years), to commence **60** (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:
       **It is ordered that the defendant pay to the United States a special assessment of $400.00, for Counts 1, 12, 13 and 92, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the U.S. District Clerk, 1100 Commerce Street, 14th Floor, Dallas, Texas 75242.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States: See Sheet 6B.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
         Sheet 6B — Schedule of Payments

DEFENDANT: **RAKESH JYOTI SARAN**
CASE NUMBER: **3:05-CR-240-P(01)**

Judgment—Page 8 of 8

# FORFEITED PROPERTY

Pursuant to 18 USC 982(a)(7) and 21 USC 853(a), the following property is forfeited from the defendant:

a.  One 2005 Honda Odyssey, VIN 5FNRL38815B059805.
b.  Assorted jewelry contained in Bank of America safe deposit box #910 seized on or about September 21, 2005, specifically two gold pearl-and-diamond earrings; two pearl necklaces; one platinum choker necklace; and two platinum earrings.
c.  Assorted jewelry at 5918 Gary Lane, Arlington, Texas seized on or about September 21, 2005.
d.  The real property and all buildings, appurtenances, and improvements located at 2320 Panorama, Arlington, Texas, more particularly described as Lot 6 and 7, Block 2, of Phase I And Phase II, The Estates On Rush Creek, An Addition To The City Of Arlington, Tarrant County, Texas, According To The Plat Thereof Recorded In Volume A, Page 2168, of The Plat Records Of Tarrant County, Texas. Now Known As Lot 6R, Block 2, The Estates On Rush Creek, An Addition To The City Of Arlington, Tarrant County, Texas, According To The Plat Thereof Recorded In Volume A, Page 6877, Of The Plat Records Of Tarrant County, Texas (or the net sale proceeds pursuant to the Court-authorized sale of that property and held as a substitute res for that property by the USMS).
e.  $29,238.40 in funds from Account # XXX-XXX1445 in the name of Carrington Healthcare at Wells Fargo Bank, N.A. seized on or about September 21, 2005.
f.  $1,790.00 in U.S. Currency seized on or about September 21, 2005.
g.  $1,506.47 in funds from Account # XXX-XXX1460 in the name of East Pointe Pharmacy Services, Inc. at Wells Fargo Bank, N.A. seized on or about September 21, 2005.
h.  $349,516.94 in funds from Account # XXX-XXX1486 in the name of Infinity Services Group, Inc. at Wells Fargo Bank, N.A. seized on or about September 21, 2005.
i.  $1,027,706.00 in U.S. Currency at 5918 Gary Lane, Arlington, Texas seized on or about September 21, 2005.
j.  $10,109.73 in funds from Account #XXXXX-XXX-5295 in the name of Johar and Reshma Saran at Bank of America, N.A. seized on or about December 12, 2005.
k.  Miscellaneous money orders totaling $3,342.00 at 1126 S. Cedar Ridge, Duncanville, Texas seized on or about September 20, 2005.
l.  Five Kirby Lester Tablet Hoppers (model KL502), serial numbers V03210, V03213, V03212, V03214, and V03208; and Five Kirby Lester Tablet Counters (model KL200), serial numbers K21102A, K21099A, K21104A, K21100A, and K21095A.
m.  Two Kirby Lester Tablet Hoppers (model KL502), serial numbers V03211 and V03194; and three Kirby Lester Tablet Counters (models KL200 and KL15DF), serial numbers K21085A, K21103A, and SDF1573.
n.  One Bienfang Dry Mounting/Lamination Press, Masterpiece 110S (model LR5921), serial number S00535.
o.  One Kirby Lester Tablet Hopper (model KL502), serial number V03203; and one Kirby Lester Tablet Counter (model KL200), serial number K21093A.
p.  One Kirby Lester Tablet Hopper (model KL502), serial number V03193; one Kirby Lester Tablet Counter (model KL200), serial number K21084A; and one Bienfang Dry Mounting/Lamination Press, Masterpiece 110S (model LR5921), serial number MZ00254.
q.  One Bienfang Dry Mounting/Lamination Press, Masterpiece 110S (model LR5921), serial number MZ00311; one Kirby Lester Tablet Hopper (model KL502), serial number V03207; and one Kirby Lester Tablet Counter (model KL200), serial number K21098A.
r.  One Kirby Lester Tablet Hopper (model KL502), serial number V03206; and two Kirby Lester Tablet Counters (models KL200 and KL15DF), serial numbers K20196A and SDF1572."